CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Zachary Best, Esq., SBN 166035
Tehniat Zaman, Esq., SBN 321557
Prathima Price, Esq., SBN 321378
100 Pine St., Ste 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
Prathimap@potterhandy.com

Attorneys for Plaintiff


MARC LIBARLE, SBN 071678
LAW OFFICES OF MARC LIBARLE
1388 SUTTER ST. #910
SAN FRANCISCO, CA. 94109
Telephone: 415-928-2400

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, <br><br>  Plaintiff, <br><br> v. <br><br> **Robert Forrest Clarke; Diane Epping** <br><br> Defendants | Case No. 3:21-cv-07414-EMC <br><br> **Joint Case Management Statement** <br><br> Date:  April 26, 2022 <br> Time:  1:30p.m. <br>          Videoconference Only <br><br> Honorable Judge Edward M. Chen |

The parties submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018 and Civil Local Rule 16-9.

1

**1. Jurisdiction & Service**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

This court has supplemental jurisdiction over the claims brought under the Unruh Act pursuant to 28 U.S.C. § 1367(a) as the claims arise from the same incident.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

Complaint was served on Defendants on or about October 31, 2021.

**2. Facts:**

Plaintiff: Brian Whitaker suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility. Defendants Robert Forrest Clarke and Diane Epping own ZamZam located at or 1633 Haight Street, San Francisco, California.

On the date of the plaintiff's visit, the defendants failed to provide wheelchair accessible outside tables in conformance with the ADA Standards as it relates to wheelchair users like the plaintiff. The outside tables did not provide sufficient toe and knee clearance for wheelchair users.

Defendant's failure to provide for wheelchair accessible outside tables at ZamZam is a violation of the ADA and is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act. Plaintiff seeks injunctive relief and the statutory minimum damage award.

Defendants:  Defendants dispute plaintiffs allegations that they did not provide sufficient tow and knee clearance at the time and place alleged.

**3.     Legal Issues**

The disputed legal issues are: (1) Whether the defendant's property meets the minimum standards of the ADA; state disability laws and other codes; (2) whether the defendants are responsible under the law to remove barriers; (3) whether the barriers are readily achievable to remove; (4) whether the plaintiff has standing to seek either damages or injunctive relief; and (5) the nature and extent of damages, if any.

Defendants contend that their property meets minimal ADA standards and other relevant codes.

**4.     Motions**

Plaintiff: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions are taken in this case.

Defendants:  Defendants will take depositions of witnesses and the plaintiff.

**5.     Amendment of Pleadings**

Plaintiff: Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008)

524 F.3d 1034 and *Chapman v. Pier 1 Imports* (US) Inc., 631 F.3d 939 (9th Cir. 2011).

Defendants: Defendants intend to produce expert evidence to establish compliance.

## 6. Evidence Preservation

The Parties agree to make efforts to preserve all discoverable information, regardless of the format in which it is kept (email, database, paper file, etc.).

The parties are unaware of any issues in this regard at this time.

## 7. Disclosure

The Parties do not seek any changes to the form or requirements for initial disclosures. Plaintiff has served initial disclosures on or about February 16, 2022. Defendant anticipates that Initial Disclosure shall be served by April 27, 2022.

## 8. Rule 26 Discovery Plan

1. Discovery Subjects

Plaintiff intends to seek discovery related to: (1) the ownership and operation of the business; (2) lack of wheelchair accessible outside tables at ZamZam; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of Defendant and to conduct an expert site inspection.

1         <u>Defendants</u>: Discovery will focus on the continued operation of the premises since 1939, in compliance with the rules and regulations governing the continuous operations of businesses such as defendants.

        The Parties do not propose to conduct discovery in phases. The parties agree to electronic service in this matter. Documents sent to the appropriate e-mail addresses for the respective parties below shall be deemed served the day it is received by e-mail if received before 5:00 PM PST, or the following weekday if served after. The parties agree that service under this agreement shall be entitled to the benefits of FRCP 6(d). Either party may modify their service list by providing notice to the below listed service addresses with the new e-mail addresses to be served.

<u>Plaintiff</u>: serve@potterhandy.com & Zacharyb@potterhandy.com

<u>Defendants</u>:

2. <u>Changes in Limitations on Discovery</u>

The parties request no deviation from the Federal and Local Rules.

**9.  Class Actions**

N/A.

**10.  Related Cases**

The Parties are unaware of any related cases.

//
//

**11.   Relief**

Plaintiff: claims injunctive relief, attorney fees and damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

Defendants:  Defendants contend that injunctive relief will not lie.

**12.   Settlement and ADR**

Plaintiff: The parties completed a site inspection on February 22, 2022. The parties are conferring on settlement and anticipate filing a Notice of Need for Mediation shortly if an agreement is not reached.

Defendants:  Defendants intend to mediate.

**13.   Consent to Magistrate Judge for All Purposes**

Plaintiff: does not consent to have a Magistrate Judge preside over this case.

Defendants:  Defendants would accept a Magistrate Judge.

**14.   Other References**

None

**15.   Narrowing of issues**

None

**16.   Expedited Trial Procedure**

The parties do not believe that this case is suitable for an expedited schedule.

17. **Scheduling**

   <u>Plaintiff</u> proposes:
   The date for Disclosures of Expert Witness as January 30, 2023
   Discovery Cut-Off of March 13, 2023
   Law and Motion Cut-Off of April 10, 2023
   Pre-trial Conference date of May 22, 2023
   Trial date of June 6, 2023
   <u>Defendants</u> propose:
   Disclosure commencing October 2022.

18. **Trial**

   <u>Plaintiff</u>: has requested a Court trial and anticipates a 2-3 day trial.
   <u>Defendants</u>:

19. **Disclosure of Non-Party Interested Entities or Person**

   <u>Plaintiff</u>: There are no interested parties other than the Plaintiff.
   <u>Defendants</u>:

20. **Professional Conduct**

   Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other Matters**

   None

| | | |
|---|---|---|
| 1 | Dated: April 19, 2022 | CENTER FOR DISABILITY ACCESS |
| | | |
| | | By: */s/Prathima Price* |
| | | Prathima Price |
| | | Attorney for Plaintiff |
| | | |
| | Dated: April 19, 2022 | LAW OFFICES OF MARC LIBARLE |
| | | |
| | | By: */s/ Marc Libarle* |
| | | Marc Libarle |
| | | Attorney for Defendants |

## **SIGNATURE ATTESTATION**

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: April 19, 2022                                CENTER FOR DISABILITY ACCESS

                                                        By: */s/Prathima Price*
                                                        Prathima Price
                                                        Attorney for Plaintiff

# EXHIBIT A
# PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Parties Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 12/12/2022 |
| Non-Expert Discovery Cut-Off | 15 | 2/20/2023 |
| Expert Discovery Cut-Off | 12 | 3/13/2023 |
| Last Day to Conduct Settlement Proceedings | 10 | 3/27/2023 |
| Last Day for Law and Motion Hearings | 8 | 4/10/2023 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 5/22/2023 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 5/29/2023 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 6/2/2023 |
| Trial **(Tuesday at 9:00 a.m.)** | | 6/6/2023 |